

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Overruled by*
*O-4853*

Honorable James E. Kilday
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1633
Re: Whether or not a person
having authority to use
State highways as an
Interstate common carrier
can hold, at the same time,
a special commodity permit.

We received your letter of October 26, 1939, requesting
our opinion of the following question which we quote:

"May a man hold an Intrastate special commodity
permit and authority to use Texas Roads Interstate as
a common carrier at one and the same time."

This Department has held, Opinion No. O-1516, that a
common carrier operating intrastate under provisions of Article 911b,
Vernon's Annotated Civil Statutes, could not at the same time operate
under a special commodity permit.

Where an applicant makes application for permission to use
the highway as a common carrier to do only interstate business, the
Railroad Commission is without power to determine need or conven-
ience of such commerce. The Commission can only determine whether
the highways over which commerce is sought to be carried, consider-
ing their condition and the traffic thereon, are such as will properly
bear the added traffic burden. Smith v. Wald Transfer & Storage Co.,
97 S. W. (2d) 991 (Writ of error dismissed); R. R. Comm. of Texas
v. Southwestern Greyhound Lines, Inc., 92 S. W. (2d) 296 (See 99
S. W. (2d) 263). This, however, would not affect the power of the
State to grant or withhold an intrastate permit or certificate.

If a common carrier doing only interstate business in
Texas is prohibited from holding a special commodity permit, it is
by the provision of Section 6 (bb) of the Motor Carrier Act, supra,
which reads as follows:

"Sec. 6-bb. No application for permit to operate as a contract carrier shall be granted by the Commission to any person operating as a common carrier and holding a certificate of convenience and necessity, nor shall any application for certificate of convenience and necessity be granted by the Commission to any person operating as a contract carrier nor shall any vehicle be operated by any motor carrier with both a permit and a certificate."

Section 6 (bb) prohibits a common carrier from holding a contract permit and prohibits a contract carrier from holding a certificate of public convenience and necessity. Section 6 (bb) then provides:

"Nor shall any vehicle be operated by any motor carrier with both a permit and a certificate."

Since an interstate common carrier does not have to show convenience and necessity in order to obtain permission to do business in Texas, the question then arises as to whether or not it is prevented from holding a special commodity permit under the above quoted part of Section 6 (bb).

When the Legislature provided that the holder of a certificate could not at the same time hold a permit, it must have meant that a common carrier could not at the same time hold a contract permit or a special commodity permit. If this be not true, then the provision in question would have no meaning.

The Legislature undoubtedly had a reason for prohibiting a common carrier from operating as a contract carrier or a special commodity carrier. Its intent is plainly shown when the provisions of Section 6 (bb) are construed together. Since we are unable to find any authority for the proposition that an interstate common carrier is to be treated differently from an intrastate common carrier within the provisions of Section 6 (bb), we conclude that an interstate common carrier cannot at the same time hold an intrastate special commodity permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By Lee Shoptaw
Lee Shoptaw

LS:N

APPROVED DEC 14, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB